UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURA THOMPSON,

    Plaintiff,

v.                                       Case No:   2:14-cv-328-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Attorney's Fees (Doc. 22) filed on November 12, 2015. Plaintiff moves pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412(a),(d), for an award of attorney's fees in the amount of $6427.14 and litigation expenses in the amount of $37.64. Plaintiff attaches exhibits of total compensable time spent by attorneys and paralegals (Docs. 22-2 through 22-11) confirming a total of for 28.97 hours of attorney time and 9.55 hours of paralegal time. Plaintiff does not state whether the Commissioner objects to the relief requested.[1] No response in opposition has been filed, and the time has expired to do so. Failure to file a response creates a presumption that the motion is unopposed. *Great American Assur. Co. v. Sanchuk*,

---

[1] The Local Rule 3.01 certification states that Plaintiff's counsel "forwarded a copy of this motion to the attorney for the defendant on October 29, 2015 for purposes of getting an agreement but received no response." Doc. 22 at 8. On November 13, 2015, the Court entered an Order requiring Plaintiff to update the Local Rule 3.01(g) certification on or before November 18, 2015, which the Plaintiff did not do. Because the time to respond has expired, the Court will address the merits of the motion. Doc. 23.

*LLC*, 2012 WL 195526 *3 (M.D. Fla. 2012) (citation omitted).   For the reasons stated herein, the Motion is due to be granted.

28 U.S.C. § 2412(a) authorizes the award of litigation costs for a prevailing party in any civil action brought against any agency or any official of the United States acting in his or her official.   Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.   28 U.S.C. § 2412(d).

In this case, on September 22, 2015, this Court entered an Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. 20.   Judgment was entered on September 23, 2015.   Doc. 23.   Plaintiff also asserts that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time this proceeding was filed was less than two million dollars.   Doc. 22 at 3-4.   The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.   28 U.S.C. §

2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Paralegal services are recoverable as fees under the EAJA and are entitled to be billed at prevailing market rates. *Richlin Security Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008).

Plaintiff's counsel is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work performed in 2014 and 2015. Doc. 22 at 4-5. Plaintiff's counsel also is requesting $100.00 per hour for paralegal time. Doc. 22 at 5. Because the Commissioner does not object to the paralegal time or the adjusted hourly rate sought, and the adjusted hourly rate sought is within the rates permitted by the EAJA, the Court finds that $100.00 per hour is an appropriate and reasonable hourly rate for paralegal time and $188.89 per hour is an appropriate and reasonable hourly rate for attorney time. Plaintiff's counsel also has included exhibits of total compensable time spent by attorneys and paralegals (Docs. 22-2 through 22-11) confirming a total of for 28.97 hours of attorney time and 9.55 hours of paralegal time. After reviewing the description of the services provided, the Court also concludes that the time is reasonable and properly compensable.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiff's Motion for Attorney's Fees Pursuant (Doc. 22) is **GRANTED**. Attorney's fees in the amount of $6427.14 shall be awarded to Plaintiff pursuant to the 28 U.S.C. § 2412(d) and costs in the amount of $37.64 shall be awarded to Plaintiff pursuant to 28 U.S.C. § 2412(a).   If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2.    The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $6427.14 and costs in the amount of $37.64 under the Equal Access to Justice Act, 28 U.S.C. § 2412(a),(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of December, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record